UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUILDING SERVICE 32BJ HEALTH
FUND and BUILDING SERVICE 32BJ
SUPPLEMENTAL RETIREMENT AND
SAVINGS FUND,
                     Plaintiffs,

-v-

BUSINESS RESOURCE & SECURITY
SERVICES, USA, INC.,
                     Defendant.

16-CV-3128 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This is a suit under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Plaintiffs, two employee benefit funds, seek to recover unpaid contributions from an employer pursuant to the employer's obligations under a collective bargaining agreement. Plaintiffs move for summary judgment, and Defendant failed to file an opposition. For the reasons that follow, the motion is granted.

I. **Background**

The facts are drawn from Plaintiffs' uncontroverted Rule 56.1 Statement, and a declaration and exhibits submitted in support of their motion for summary judgment.

Plaintiffs Building Service 32BJ Health Fund and Building Service 32BJ Supplemental Retirement & Saving Fund (collectively, "the Funds") are jointly administered, multi-employer labor management trust funds. (Dkt. No. 57 ("SOF") ¶ 2.) The Funds receive contributions from employers who sign collective bargaining agreements with the Service Employees International Union, Local 32BJ ("the Union"). (SOF ¶ 2.) The Funds then invest and maintain

1

those contributions, and distribute health and insurance benefits and annuity payments to eligible employees. (*Id.*)

Defendant Building Resource & Security Services USA, Inc. ("BRSS") was party to a collective bargaining agreement with the Union, which required BRSS to make benefit contributions to the Funds for the benefit of BRSS's covered employees. (SOF ¶ 4; Dkt. No. 56-1 ("CBA") ¶¶ 19.1, 20.1.) From June 2013 through February 2017, however, BRSS failed to make the required contributions. (SOF ¶ 5; Dkt. Nos. 56-2 at 1; 56-3 at 7, 9.)

In April 2016, the Funds filed this suit to recover the unpaid contributions from BRSS. (Dkt. No. 3.) Defendant was served on May 9, 2016, and it is currently not represented by counsel. (Dkt. No. 7.) The Funds now move for summary judgment, and BRSS has not filed an opposition.

## II. Legal Standard

"A motion for summary judgment may not be granted unless all of the submissions taken together 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Adam Friedman Assocs. v. Media G3, Inc.*, No. 10 Civ. 5350, 2011 WL 6287981, at *1 (S.D.N.Y. Dec. 14, 2011) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). "In deciding a motion for summary judgment, a court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011).

"The standard of review is the same when a motion for summary judgment is unopposed." *Adam Friedman Assocs.*, 2011 WL 6287981, at *1. Under such circumstances, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment

as a matter of law." *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004).

Rule 56.1 of the Local Civil Rules for this District "requires a party moving for summary judgment to submit 'a separate, short and concise statement' setting forth material facts as to which there is no genuine issue to be tried.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001) (quoting Local Rule 56.1(a). "The facts set forth in a moving party's statement 'will be deemed to be admitted unless controverted' by the opposing party's statement." *Id.* (quoting Local Rule 56.1(c)). "[A] court 'is not required to consider what the parties fail to point out' in their Local Rule 56.1 statements, but it may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement." *Sheet Metal Workers' Nat. Pension Fund v. Maximum Metal Manufacturers Inc.*, No. 13 Civ. 7741, 2015 WL 4935116, at *3 (S.D.N.Y. Aug. 18, 2015) (quoting *Holtz*, 258 F.3d at 72.)

## III. Discussion

ERISA § 515 requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement" to "make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C § 1145. "Under Section 502 of ERISA, private civil actions may be brought by plan trustees against employers who are delinquent in making contributions." *Bldg. Serv. 32BJ Health Fund v. Nutrition Mgmt. Servs. Co.*, No. 15 Civ. 3598, 2017 WL 946331, at *2 (S.D.N.Y. Feb. 10, 2017).

To prevail in an action for delinquent contributions, plaintiffs must establish two basic elements: (1) that the employer had a contractual obligation to contribute to a multiemployer plan; and (2) that the employer failed to make those contributions. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund & Annuity Fund v. Lollo*,

3

35 F.3d 29, 36 (2d Cir. 1994) ("[Section] 1145 permits recovery only against those employers who are already obligated, in the absence of ERISA, to make ERISA contributions."). Both elements are satisfied here.

First, the record establishes that BRSS was party to a collective bargaining agreement (CBA at 43; Dkt. No. 56 ¶ 4) with the Union, which required it to make contributions to the Building Service 32BJ Health Fund (CBA ¶ 19.1) and to the Building Service 32 BJ Supplemental Retirement and Savings Plan (CBA ¶ 20.1). BRSS's obligations to make these contributions lasted from February 19, 2013, through January 18, 2016. (CBA at 43.)

Second, according to the Funds' electronic invoice reports and a separate payroll compliance audit, Defendant failed to meet its contribution obligations to both funds. (Dkt. No. 56 ¶ 6; Dkt. No. 56-2 at 1, 3; Dkt. No. 56-3 at 7, 9.) Based on this evidence, the Court grants Plaintiffs' motion for summary judgment as to liability.

Having determined that Defendant is liable under ERISA, the Court next turns to the question of damages. ERISA § 502(g) dictates the remedy for violations of § 515:

> In any action under this subchapter . . . on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan:
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

>   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>   (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).

First, Plaintiffs' records and the audit of Defendant's books establish that Defendant is liable for $240,390.28 in unpaid contributions. (Dkt. No. 56 ¶ 6; Dkt. No. 56-2 at 1, Dkt. No. 56-3 at 7, 9.)[1]

Second, Plaintiffs seek interest on the unpaid contributions. Under the CBA, interest is 9% per year. (Dkt. No. 56 at ¶ 10; Dkt. No. 56-4 at 3.). The Court concludes that Plaintiffs are entitled to interest, but they have not proffered a basis for how they calculated the interest amounts they now seek to recover. (See Dkt. No. 56 ¶ 11.) Plaintiffs are ordered to file an affidavit specifying the amount of interest they seek, as well as the specific basis for their calculations within 21 days of the date of this Opinion and Order.

Third, Plaintiffs seek liquidated damages under the terms of the plan equivalent to 20 percent of the unpaid contributions. (Dkt. No. 56-4 ¶ 4.) Plaintiffs are entitled to $48,078.05 in liquidated damages.

---

[1] $195,386.19 of the $240,390.28, is accounted for via Plaintiffs' records from their electronic reporting and payment system. (Dkt. No. 56 ¶ 8, 11; Dkt. No. 56-2 at 1.) For the other $45,004.09, Plaintiffs rely on the results of payroll compliance audits covering December 1, 2012 to May 31, 2016. (Dkt. No. 56 ¶ 9.) These audits revealed employees who were eligible for contributions to the Funds, but were "unreported" by Defendant. (Dkt. No. 56 ¶ 9.) The audit also sought to reveal "unreported hours of otherwise reported employees." (Dkt. No. 56 ¶ 9.) The results of the audits show delinquencies totaling $41,721.06 for 2012–2014 and $3,931.42 for 2015–2016. (Dkt. No. 56-3 at 7–9.) By the Court's math, that amounts to a $45,652.48 delinquency, but Plaintiffs claim that the "unpaid contributions as reported by [the] audit[s] total $45,004.09." (Dkt. No. 56 ¶ 11.) The Court adopts Plaintiffs' number because it is lower, and thus cannot prejudice the Defendant.

Plaintiffs are also entitled to reasonable attorney's fees and costs in an amount yet to be determined.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for summary judgment is GRANTED. Within 21 days of the date on which this Opinion and Order is filed, Plaintiffs' counsel shall submit (1) an affidavit specifying the basis for the amount of interest they seek and (2) an application for attorney's fees.

The Clerk of Court is directed to close the motion at Docket Number 55.

SO ORDERED.

Dated: May 14, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge